ESTATE OF W. P. GRAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

F. M. GRAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11299, 11300. Promulgated January 9, 1928.

*Samuel W. Miller, Esq.*, for the petitioners.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

LANSDON: The parties having agreed that the $1,111.10 payment received by F. M. Graff from the Mining Co. was taxable, and that the $5,555.57 credited on the books of such company but not paid in the taxable year was nontaxable, and their agreement being in conformity with the law, it is approved.

This leaves for our consideration only the amount of the loss or gain realized through the transactions relating to the Brick Company and its property. That in 1907 the Graff Coal Co. bought a one-half interest in the Brick Company, paying therefor an equivalent of $40,000 cash, is not disputed, nor is the allegation of petitioners that the Coal Company thereafter paid its one-half of an alleged operating loss of $4,000 in dispute. These two payments, making a total of $42,000, are now claimed by the petitioners to have been the cost of the land which they sold in 1920 for $10,000. In other words, they now claim a loss on account of this purchase, operating loss, and sale, of $16,000 each.

There is no evidence whatever adduced in support of the claim as to the operating loss. It was not a loss of such a nature as could bring it within the purview of section 202 of the Revenue Act of 1918. If it was not simply a necessary and ordinary expense of the business, it was at least sustained and known by petitioners to have been sustained several years prior to 1920. This claim is denied.

The law applicable to the remainder of the claim is found in section 202 of the Revenue Act of 1918, and is as follows:

SEC. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale * * * of property, real, personal, or mixed, the basis shall be—

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date * * *.

The nature of the alleged loss is not clear. The record indicates that the petitioners acquired a one-half interest in the land in question in exchange for their certificates of one-half the stock of the Brick Company, which was dissolved in 1917, but we are unable to determine whether this transaction was an exchange of stock for real estate or a distribution in liquidation. In either event, however, the true gain or loss from the sale of such land must be determined by ascertaining the value of the stock at March 1, 1913, since it was acquired prior to that date. As to such value there is no evidence in the record except the fact that before that time the Brick Company had suspended operations. At March 1, 1913, the value of the stock was measurable by the value of the assets of the Brick Company.

Neither party has adduced any evidence upon which we can base findings of fact either as to the value of the stock or of the assets of the Brick Company at March 1, 1913. There is, therefore, no basis upon which we can determine whether gain or loss resulted from the sale of the lots in question in the taxable year. The petitioners allege a loss which they seek to deduct in proper proportion from their respective gross income for the year 1920. The respondent holds that such loss has not been established by proof and has disallowed the deductions. The taxpayers have not sustained the burden of proof necessary to establish their allegation that the respondent erred in such determination.

> *Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by Sternhagen, Green, and Arundell.